IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRK JA'ONG BOUIE,

    Petitioner,                   No. 2:12-cv-01221 MCE JFM (HC)

    vs.

BOARD OF PAROLE HEARINGS,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  This matter is before the court on respondent's motion to dismiss, filed on November 5, 2012, asserting that petitioner is barred by the applicable one-year statute of limitations set by 28 U.S.C. § 2244(d)(1).  ECF 12.

**Discussion**

        On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –

1

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

   The one-year statute of limitations period set forth in 28 U.S.C. § 2244 "applies to all habeas petitions filed by persons in 'custody pursuant to the judgment of a State court,' even if the petition challenges an administrative decision rather than a state court judgment." Shelby v. Bartlett, 391 F.3d 1061, 1062 (9th Cir. 2004). See also Redd v. McGrath, 343 F.3d 1077, 1080-83 (9th Cir. 2003). When a habeas petitioner challenges an administrative decision, § 2244(d)(1)(D) governs the date on which the limitation period begins to run. See Shelby, 391 F.3d at 1066; Redd, 343 F.3d at 1081-83. Under § 2244(d)(1)(D), the limitation period begins to run once "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

   "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be

2

counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during one full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

The following facts are relevant to the statute of limitations analysis:

1. On July 29, 2008, a jury found petitioner guilty of false imprisonment, first degree burglary with a person other than an accomplice present, home invasion robbery, and false imprisonment. Firearm enhancements were also found in connection with each count, which was later determined by the court to not be applicable to counts 1 and 2.

2. Petitioner appealed to the California Court of Appeal, Third Appellate District. On January 8, 2010, the California Court of Appeal affirmed the judgment.

3. Petitioner appealed to the California Supreme Court, which denied review on March 18, 2010.

4. Petitioner did not petition for a writ of certiorari from the United States Supreme Court during his direct appeal.

5. Applying the mailbox rule,[1] on January 28, 2011, petitioner filed a petition for writ of habeas corpus challenging his conviction in the Sacramento County Superior Court. On February 4, 2011, the Sacramento County Superior Court denied that petition for habeas relief.

/////

/////

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988).

6. On February 15, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. On February 24, 2011, the California Court of Appeal denied that petition.

7. On May 10, 2011, petitioner submitted a petition for writ of habeas corpus to the California Supreme Court. On January 25, 2012, the California Supreme Court denied that petition.

8. On May 3, 2012, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

Because petitioner did not petition for a writ of certiorari from the United States Supreme Court during his direct appeal, petitioner's conviction became final 90 days after the California Supreme Court's denial of review of petitioner's direct appeal. See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir.1999). Thus, petitioner's conviction became final 90 days from March 18, 2010, or on June 16, 2010. See U.S. Sup.Ct. R. 13.3 ("The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed . . . ."). Once his conviction became final, petitioner had one year from the following day, June 17, 2010, in which to file the instant petition. See 28 U.S.C. § 2244(d)(1)(A); Patterson v. Stewart, 251 F.3d 1243 (9th Cir.2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.). Therefore, petitioner had until June 17, 2011, to commence this action. Applying the mailbox rule, petitioner did not file his federal habeas petition in this court until May 3, 2012. Accordingly, the pending petition is untimely by more than one year and ten months unless petitioner is entitled to the benefit of tolling.

In this case, petitioner waited two hundred and twenty five days before filing his first habeas petition in state court. The limitation period is not tolled during this time because it was prior to petitioner's first state collateral challenge. See Nino, 183 F.3d at 1006. Petitioner waited another ninety-nine days after the California Supreme Court denied his petition before

4

filing the instant action. This period is also not subject to tolling because it follows his one full round of review in the state courts. See Carey, 536 U.S. at 222-24.

Respondent concedes that petitioner is entitled to statutory tolling for the periods during which his petitions were pending before the California Superior Court and the California Court of Appeal, and for the eleven day interval between these petitions. At issue, then, is the seventy-five day delay between the California Court of Appeal's denial of his petition and filing his petition with the California Supreme Court. Respondent contends that petitioner does not have the benefit of statutory tolling for this period of time because it is unreasonable. Petitioner contends that the seventy-five days is not unreasonable and argues that he was transferred twice during this period of time with no access to records.

**Statutory Tolling**

California has never definitively stated what is "reasonable" in terms of the intervals between the denial of a petition in one court and the filing of a subsequent petition in a higher court. See Velasquez v. Kirkland, 639 F.3d 964, 967 (9th Cir. 2011). The United States Supreme Court, however, has instructed courts to assume that California law does not differ significantly from other states with determinate timeliness rules. Evans v. Chavis, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). Therefore, unjustified filing delays longer than thirty to sixty days are unreasonable. Chaffer v. Proper, 592 F.3d 1046, 1048 (9th Cir.2010) (per curiam ). Consequently, statutory tolling is inapplicable to such delays. Id.

Here, petitioner did not file his habeas petition in the California Supreme Court until seventy-five days after his Court of Appeal petition was denied. Pursuant to Chaffer, this time period was unreasonable. Petitioner is therefore not entitled to statutory tolling for this period of time. Absent equitable tolling, his petition in this court is untimely.

**Equitable Tolling**

Petitioner suggests that the limitations period should be tolled because he was transferred two times during this interval. In order for a petitioner to be entitled to equitable

5

1  tolling of AEDPA's one-year limitations period, he must show: "(1) that he has been pursuing
2  his rights diligently, and (2) that some extraordinary circumstance stood in his way and
3  prevented timely filing." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010)
4  (citation omitted).  Equitable tolling is appropriate "if extraordinary circumstances beyond a
5  prisoner's control make it impossible to file a petition on time." Calderon v. United States
6  District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, 163
7  F.3d 530 (9th Cir. 1998) (tolling of statute of limitations due to extraordinary circumstances
8  requires that a defendant diligently pursue his claim).  A petitioner bears the burden of
9  establishing that he pursued his rights diligently and that some extraordinary circumstances
10  stood in his way. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). Grounds for equitable tolling
11  are "highly fact-dependent." Laws v. Lamarque, 351 F.3d 919, 922 (9th Cir. 2003) (citing
12  Whalem/Hunt v. Early, 233 F.3d 1146 (9th Cir. 2000) (en banc)).

13        Pursuant to this court's order, the parties were instructed to provide evidence
14  concerning petitioner's prison transfer(s) between February 24, 2011, and May 10, 2011.  ECF
15  18.  Respondent provided petitioner's movement history showing petitioner remained at
16  California State Prison, Solano, from April 20, 2010, through February 16, 2012.  ECF 20 at 2-3.
17  Petitioner submitted exhibits indicating his trust account was frozen in or around April 2011, and
18  he did not have access to basic hygiene needs.  ECF 19 at 5.  Petitioner suggests that because he
19  did not have access to his trust account an inference can be made that he did not have access to
20  his legal documents.  Petitioner has failed to present clear evidence sufficient to establish that he
21  was in fact transferred during this period of time, or that his transfer(s) deprived him of access to
22  his legal documents, the law library and other means needed to meaningfully litigate his claim.
23  See Waldron–Ramsey v. Pacholke, 556 F.3d 1008, 1013-14 (9th Cir. 2009) (denying equitable
24  tolling based on lack of access to documents because "[the petitioner] d[id] not point to specific
25  instances where he needed a particular document, could not have kept that document within his
26  ////

1 permitted three boxes had he been cooperative, and could not have procured that particular
2 document when needed.").

3         As noted above, two hundred and twenty-five days of the limitation period
4 expired before petitioner filed his first state habeas corpus petition on January 28, 2011.  The
5 limitation period was tolled until February 4, 2011, when the Sacramento County Superior Court
6 denied petitioner's first state habeas petition.  The limitation period was tolled for another twenty
7 days, until February 24, 2011, when the California Court of Appeal for the Third Appellate
8 District denied the petitioner's habeas petition.  Another seventy-five days expired before
9 petitioner filed his petitioner with the California Supreme Court which was denied on January
10 25, 2012.  Petitioner did not file the instant action until May 3, 2012, ninety-nine days later.
11 This action is therefore time-barred.

12 **Conclusion**

13         In accordance with the above, IT IS HEREBY RECOMMENDED that:

14         1. Respondent's November 5, 2012, motion to dismiss (ECF 12) be granted;

15         2. Petitioner's first amended petition and motion to appoint counsel (ECF 22) be
16 denied as moot; and

17         3. This case be dismissed with prejudice.

18         These findings and recommendations are submitted to the United States District
19 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
20 days after being served with these findings and recommendations, any party may file written
21 objections with the court and serve a copy on all parties.  Such a document should be captioned
22 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections
23 within the specified time may waive the right to appeal the District Court's order.  Turner v.
24 Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).  In
25 his objections petitioner may address whether a certificate of appealability should issue in the
26 event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing

1  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it
2  enters a final order adverse to the applicant).
3  DATED: July 10, 2013.

4  _____
   EDMUND F. BRENNAN
5  UNITED STATES MAGISTRATE JUDGE

6  boui1221..mtd

8