UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, JR., | No. 2:12-cv-1221 MCE AC P |
| Petitioner, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| BOARD OF PAROLE HEARINGS, | |
| Respondent. | |

By order filed August 6, 2013, respondent's motion to dismiss was granted and the petition was dismissed with prejudice. ECF No. 27. Petitioner has now filed a motion for relief pursuant to Federal Rule of Civil Procedure 60(b). EFC No. 44.

Rule 60 of the Federal Rules of Civil Procedure provides that the court may grant relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or

1

applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  The rule further provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

Petitioner seeks relief under Rule 60(b)(1)-(3) and (6) from the order dismissing his petition on August 6, 2013 (ECF No. 27), and the order denying his motion for reconsideration on October 18, 2013 (ECF No. 36).  ECF No. 44 at 1-2.  He argues that because counsel for respondent perpetuated a fraud on the court, he is excused from the one-year time limit imposed by Rule 60(c)(1) or, alternatively, that his arguments should be considered under Rule 60(b)'s catchall provision.  Id. at 6-21.

To the extent petitioner relies on subsections 1 through 3 of Rule 60(b), his motion is clearly untimely as it exceeds the one-year time limit by over six years, and his claim of fraud on the court is unavailing.  While fraud on the court is not subject to the one-year limitation set out in Rule 60(c)(1), Fed. R. Civ. P. 60(d)(3), "relief from judgment for fraud on the court is 'available only to prevent a grave miscarriage of justice.'"  United States v. Sierra Pac. Indus., Inc., 862 F.3d 1157, 1167 (9th Cir. 2017) (quoting United States v. Beggerly, 524 U.S. 38, 47 (1998)).  Furthermore, "relief for fraud on the court is available only where the fraud was not known at the time of settlement or entry of judgment."  Id. at 1168 (citations omitted).

Petitioner's claim of fraud is premised on his allegation that respondent's counsel misrepresented petitioner's arguments in his motion for reconsideration.  ECF No. 44 at 10-13.  However, this is the same argument petitioner made in his reply in support of his motion for reconsideration.  ECF No. 35.  Not only are the allegations insufficient to establish fraud on the court, but there is no miscarriage of justice since the allegations have already been considered and were clearly known at the time of entry of judgment.

Petitioner also argues, in the alternative, that he should be granted relief under Rule 60(b)(6).  ECF No. 44 at 14-21.

////

> A party seeking relief under Rule 60(b)(6) must satisfy three requirements. The motion cannot be premised on another ground delineated in the Rule, See Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863 & n.11, 108 S. Ct. 2194, 100 L. Ed.2d 855 (1988); it must be filed "within a reasonable time," see Fed. R. Civ. P. 60(c)(1); and it must demonstrate "extraordinary circumstances" justifying reopening the judgment, See Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380, 393, 113 S. Ct. 1489, 123 L. Ed.2d 74 (1993). Extraordinary circumstances occur where there are "other compelling reasons" for opening the judgment. Klapprott v. United States, 335 U.S. 601, 613, 69 S. Ct. 384, 93 L. Ed. 266 (1949).

Bynoe v. Baca, 966 F.3d 972, 979 (9th Cir. 2020).

Petitioner argues in essence that the denial of his motion for reconsideration, which contended that the delay in filing his state petition was caused by his inability to obtain mailing supplies, constitutes an extraordinary circumstance because it prevented him from accessing the courts. ECF No. 44 at 16-17. He also argues that the court erred in dismissing his petition as untimely, which also entitles him to relief. Id. at 17-21. These arguments are little more than a request that the court reconsider its previous decision. Petitioner was clearly aware of these circumstances in 2013, when his petition was dismissed and his motion for reconsideration was denied, and he therefore fails to demonstrate that the instant motion, brought over seven years after those decisions, was brought "within a reasonable time."

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for relief from judgement (ECF No. 44) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The

////

////

////

3

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 6, 2021

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE