UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JAONG BOUIE, JR.,<br><br>Petitioner,<br><br>v.<br><br>BOARD OF PAROLE HEARINGS,<br><br>Respondent. | No. 2:12-cv-1221 MCE AC P<br><br><br><br>ORDER |

By order filed March 18, 2021, the undersigned denied petitioner's motion for relief from judgment under Federal Rule of Civil Procedure 60(b). ECF No. 50. On May 15, 2021,[1] petitioner filed a motion for an extension of time to file a notice of appeal, ECF No. 51, which the magistrate judge denied, ECF No. 52. Plaintiff filed a motion for reconsideration of the denial of his motion for an extension of time, ECF No. 53, which was denied, ECF No. 55. Plaintiff then filed a notice of appeal of the denial of his motion for reconsideration, ECF No. 56, and after receiving an extension of time, filed a motion for a certificate of appealability, ECF No. 68.

Petitioner seeks a certificate of appealability as to the denial of the Rule 60(b)(6) portion of his motion for relief from judgment as untimely and the denial of his motion for

---

[1] Since petitioner is a prisoner proceeding pro se, he is afforded the benefit of the prison mailbox rule. See Houston v. Lack, 487 U.S. 266, 276 (1988).

1

1  reconsideration of the denial of his motion for extension of time.[2]  ECF No. 68.  Pursuant to Rule

2  11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate

3  of appealability when it enters a final order adverse to the applicant.

> [A] COA should only issue for the appeal arising from the denial of a Rule 60(b) motion in a section 2255 proceeding. . . if the movant shows that (1) jurists of reason would find it debatable whether the district court abused its discretion in denying the Rule 60(b) motion and (2) jurists of reason would find it debatable whether the underlying [action] states a valid claim of the denial of a constitutional right.

United States v. Winkles, 795 F.3d 1134, 1143 (9th Cir. 2015) (considering motion for relief from judgment arising from denial of § 2255 motion); see also Payton v. Davis, 906 F.3d 812, 818 n.8 (9th Cir. 2018) (analysis in Winkles applies to petitions for relief under § 2254).

Petitioner's motion for an extension of time was denied because it was filed after the time for filing a timely notice of appeal and petitioner failed to provide notice to respondent as required by Federal Rule of Appellate Procedure 4(a)(5)(B) and Local Rule 133(b)(2).  ECF No. 52.  Petitioner's motion for reconsideration did not argue that he had not provided notice to respondent, but instead argued that he was unable to obtain copies from the law library due to COVID-19 quarantine and that he forgot to ask the court to serve respondent for him.  ECF No. 53.  The motion was denied because petitioner cannot transfer his responsibilities to the court, and he failed to meet the jurisdictional requirements of Federal Rule of Appellate Procedure 4.  ECF No. 55.  Although petitioner argues he should be excused from such requirement due to being quarantined and therefore unable to obtain a photocopy of the motion, he fails to explain why he was unable to make a handwritten copy to serve.  Furthermore, filings in two of petitioner's other cases between the March 18, 2021 order and the time he filed his motion for an extension of time to appeal the order indicate that he served copies of those filings on the other party, indicating that he was in fact able to serve respondent.[3]  A certificate of appealability should therefore not

---

[2] Petitioner also includes arguments related to a certificate of appealability related to the denial of his underlying habeas petition, which need not be reached.

[3] In Bouie v. Smith, No. 2:18-cv-2040 KJM AC (E.D. Cal.), petitioner filed an opposition to a motion for summary judgment, dated April 23, 2021 (ECF No. 49), and a notice dated May 19, 2021 (ECF No. 51), both of which indicate they were served on the opposing party.  In Bouie v. (continued)

2

1  issue as to the denial of the motion for reconsideration of the denial of petitioner's motion for
2  extension of time.
3        Even if the court had granted petitioner's motion for an extension of time to file a notice
4  of appeal related to the denial of his Rule 60(b) motion, no certificate of appealability should
5  issue as to the Rule 60(b)(6) portion of the motion, as petitioner now requests.  As outlined in the
6  January 6, 2021 findings and recommendations, petitioner was clearly aware of the grounds for
7  relief argued in his Rule 60(b) motion in 2013 when his petition was dismissed, and he was
8  therefore unable to demonstrate that his motion was brought "within a reasonable time" when he
9  waited over seven years to file the motion.  ECF No. 46.  The undersigned therefore finds that
10 jurists of reason would not be able to find an abuse of discretion in the denial of the Rule 60(b)(6)
11 portion of the motion as untimely.
12       Petitioner has also filed a motion for a separate case number related to his motion for
13 relief from judgment received by the court on August 12, 2021 (ECF No. 62).  ECF No. 72.  That
14 motion will be denied.  As this court has already informed petitioner, this court does not have
15 authority to vacate a Ninth Circuit order, ECF No. 64, and filing petitioner's motion as a separate
16 action will not alter this court's inability to do as petitioner requests.
17       Accordingly, IT IS HEREBY ORDERED that:
18       1.  Petitioner's motion for a certificate of appealability, ECF No. 68, is denied.
19       2.  Petitioner's motion for a separate case number, ECF No. 72, is denied.
20       IT IS SO ORDERED.
21 Dated:  December 2, 2021

MORRISON C. ENGLAND, JR
SENIOR UNITED STATES DISTRICT JUDGE

---

Fox, No. 2:17-cv-2044 TLN AC (E.D. Cal.), petitioner filed objections dated March 22, 2021 (ECF No. 54).