UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIRK JA'ONG BOUIE, JR., <br><br>Petitioner, <br><br>v. <br><br>BOARD OF PAROLE HEARINGS, <br><br>Respondent. | No. 2:12-cv-01221-DC-AC (HC) <br><br>ORDER GRANTING PETITIONER'S MOTION FOR RECONSIDERATION OF MARCH 26, 2024, ORDER <br><br>(Doc. Nos. 83, 88) |

This matter is before the court on Petitioner Dirk Ja'ong Bouie, Jr.'s motion for reconsideration of the court's March 26, 2024 order (Doc. No. 81) striking the motion for reconsideration Petitioner filed a year earlier on March 23, 2023 (Doc. No. 80). (Doc. No. 83.) For the reasons explained below, the court will grant Petitioner's motion for reconsideration of the court's March 26, 2024 order.

**BACKGROUND**

On June 10, 2021, Petitioner filed a motion for reconsideration of the court's May 25, 2021 order denying his motion for an extension of time to file a notice of appeal. (Doc. No. 53.) On July 2, 2021, the court denied Petitioner's May 25, 2021 motion for reconsideration. (Doc. No. 55.) On August 2, 2021, Petitioner filed a notice of appeal of the court's denial of his motion for reconsideration to the Ninth Circuit Court of Appeals. (Doc. No. 56.)

On August 12, 2021, Petitioner filed a motion for reconsideration of the Ninth Circuit's

denial of his application for leave to file a second or successive petition for federal habeas relief. (Doc. No. 62.) The court denied Petitioner's motion and advised Petitioner that this court does not have the authority to overturn a Ninth Circuit order. (Doc. No. 64.) On January 18, 2022, Petitioner filed a second motion for reconsideration of the Ninth Circuit's denial of his application for leave to file a second or successive petition, which this court denied on January 27, 2022. (Doc. Nos. 77, 78.) In that order, the court noted Petitioner had been advised on more than one occasion that this court does not have the authority to overturn a Ninth Circuit order and "[a]ny further motions seeking to have this court reconsider, amend, or otherwise disturb an order of the Ninth Circuit Court of Appeal will be disregarded." (*Id*. at 1.) On August 25, 2022, the Ninth Circuit denied Petitioner's appeal. (Doc. No. 79.)

On March 23, 2023, Petitioner filed what he titled a "Second motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b)(6)." (Doc. No. 80.) Therein, Petitioner states that he seeks reconsideration of the court's August 6, 2013 order and judgment dismissing his habeas corpus petition as time barred on the ground that, according to recent state and federal court decisions, proper application of statutory tolling renders his petition timely. (*Id.* at 1.) Specifically, Petitioner relies on the holdings in *Robinson v. Lewis*, 9 Cal. 5th 883 (2020) and *Robinson v. Lewis*, 824 F. App'x 494 (9th Cir. 2020).

On March 26, 2024, the court issued a minute order summarily striking Petitioner's March 23, 2023, motion for reconsideration pursuant to the court's January 27, 2022 order warning Petitioner that further motions seeking reconsideration by this court of a Ninth Circuit's decision would be disregarded. (Doc. No. 81.)

On April 22, 2024, Petitioner filed the pending "opposition to order striking Rule 60(b)(6) motion," which the court construes as a motion for reconsideration pursuant to Rule 60(a) to correct a mistake arising from oversight in improperly striking Petitioner's March 23, 2023 motion for reconsideration. (Doc. No. 83.) In addition, on May 2, 2024, Petitioner filed an appeal of the court's March 26, 2024 order striking his motion to the Ninth Circuit. (Doc. No. 84.) On June 12, 2024, the Ninth Circuit issued an order holding Petitioner's appeal in abeyance in light of Petitioner's pending motion. (Doc. No. 87.) On October 18, 2024, Petitioner filed a "request

1  for delayed ruling," in which he asks the court to grant his pending motion for reconsideration of
2  the court's March 26, 2024 order.[1] (Doc. No. 88.)
3      Respondent did not file a response to Petitioner's pending motion for reconsideration
4  (Doc. No. 83) or request for a delayed ruling (Doc. No. 88.) On December 16, 2024, Petitioner
5  filed a notice of change of address. (Doc. No. 90.)

**DISCUSSION**

Under Rule 60(a), the court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). Relief under this rule can be granted on the court's own motion and at any time. *Id*. However, once an appeal has been filed and docketed, leave of the appellate court is required to correct the mistake while the appeal is pending. *Id*.

Here, the court finds reconsideration of its order striking Petitioner's March 23, 2023 motion is warranted under Rule 60(a) for the following reasons. First, the court finds its order striking Petitioner's March 20, 2023 motion was erroneous because that motion did not ask the district court to reconsider, amend, or otherwise disturb an order of the Ninth Circuit. (Doc. No. 80.) Instead, the motion was brought under Federal Rule of Civil Procedure 60(b) and sought reconsideration only of this court's August 6, 2013 order and judgment based on what Petitioner believes to be recent precedent from the California Supreme Court and Ninth Circuit regarding the proper application of statutory tolling. (*Id*. at 1.) Next, the court finds reconsideration under Rule 60(a) is appropriate because the Ninth Circuit has provided this court leave to address Petitioner's motion for reconsideration. (*See* Doc. No. 87) ("Appellate proceedings are therefore held in abeyance until the district court decides the pending April 22, 2024 motion."). Therefore, the court will grant Petitioner's pending motion for reconsideration of the court's March 26, 2024 order striking his Rule 60(b)(6) motion and vacate that order. The court will also direct the Clerk of the Court to reactivate the improperly stricken motion. (Doc. No. 83.)

Further, because Petitioner's pending motion for reconsideration of the March 26, 2024

---

[1] This action was reassigned to the undersigned district judge on October 21, 2024. (Doc. No. 89.)

order is being granted, Petitioner's pending request for a ruling on that motion (Doc. No. 88) will be denied as having been rendered moot by this order.

Separately, the court finds it appropriate to substitute Respondent Board of Parole Hearings with the name of the proper respondent in this action. A petition for writ of habeas corpus by an applicant in custody under a state court judgment shall name as respondent the state officer who has custody. 28 U.S.C. § 2242; Rules Governing § 2254 Cases, Rule 2(a); *see Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (stating proper respondent in federal habeas petition is petitioner's immediate custodian); *see also Johnson v. Reilly*, 349 F.3d 1149, 1153 (9th Cir. 2003) (finding the warden of the penitentiary where a prisoner is confined constitutes the custodian who must be named in the petition). Accordingly, in light of the reassignment of this case, the passage of time, and Petitioner's notice of change of address, the court will direct Respondent to clarify and update the court on the proper respondent in this action.

Accordingly,

1. Petitioner's motion for reconsideration of the court's March 26, 2024 order striking his March 23, 2023 Rule 60(b)(6) motion (Doc. No. 83) is GRANTED;
2. Petitioner's request for a delayed ruling (Doc. No. 88) is DENIED AS MOOT;
3. The court's March 26, 2024 order (Doc. No. 81) is VACATED;
4. The Clerk of the Court is directed to reactivate Petitioner's March 23, 2023 Rule 60(b)(6) motion (Doc. No. 80);
5. Respondent is directed to file an opposition or statement of non-opposition to Petitioner's March 23, 2023 Rule 60(b)(6) motion (Doc. No. 80), and to clarify and update the court on the name of the proper respondent in this action within twenty-one (21) days of the date of entry of this order; and

/////
/////
/////
/////

4

6. Petitioner may file a reply to Respondent's opposition within thirty (30) days of the date of Respondent's opposition.

IT IS SO ORDERED.

Dated: **April 24, 2025**

Dena Coggins
United States District Judge