UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DIRK JA'ONG BOUIE JR.,

Petitioner,

v.

JASON JOHNSON,

Respondent.

No. 2:12-cv-01221-DC-AC (HC)

ORDER DENYING MOTION FOR RECONSIDERATION

(Doc. No. 80)

This matter is before the court on Petitioner Dirk Ja'ong Bouie, Jr.'s motion titled Second motion for relief from a judgment pursuant to Federal Rule of Civil Procedure 60(b)(6), which the court construes as a motion for reconsideration. (Doc. No. 80.) For the reasons discussed below, the court will deny Petitioner's motion for reconsideration.

**BACKGROUND**

On July 29, 2008, a jury found Petitioner guilty of false imprisonment, first degree burglary with a person other than an accomplice present, home invasion robbery, and false imprisonment. (Doc. Nos. 1 at 1; 23 at 3.) Firearm enhancements were also found in connection with the home invasion robbery and false imprisonment counts. (*Id.*) On January 8, 2010, the California Court of Appeal affirmed the judgment. (Doc. No. 23 at 3.) On March 18, 2010, the California Supreme Court denied review of Petitioner's direct appeal. (*Id.*) Because Petitioner did not petition for a writ of certiorari from the United States Supreme Court during his direct appeal,

his conviction became final on June 16, 2010, 90 days after the California Supreme Court denied review of Petitioner's direct appeal. (*Id*. at 4.)

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes a one-year statute of limitations on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). In most cases, the one-year clock begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id*. The statute also provides for statutory tolling, specifically the statute of limitations is tolled during the time that a properly filed petition for writ of habeas corpus is pending in state court. 28 U.S.C. § 2244(d)(2). A petition may also count as "pending" during the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court" if it was filed in a "reasonable time." *Evans v. Chavis*, 546 U.S. 189, 193 (2006). Here, the one-year limitation period commenced the day after Petitioner's conviction became final on June 17, 2010, and absent tolling, was set to expire after 365 days.

Petitioner waited until January 28, 2011, 225 days after his conviction became final to file his petition for writ of habeas corpus in Butte County Superior Court. (Doc. Nos. 15 at 2; 96-5.) Those 225 days were not subject to statutory tolling. Approximately 7 days later, on February 4, 2011, Butte County Superior Court denied the petition. (Doc. No. 15 at 2.) Petitioner was entitled to statutory tolling for the 7 days his petition was pending with Butte County Superior Court. On February 15, 2011, 11 days later, Petitioner filed a petition for writ of habeas corpus to the California Court of Appeal. (Doc. No. 96-3.) Petitioner was entitled to statutory tolling for those 11 days because he filed the petition in the higher state court within a reasonable time. On February 24, 2011, 9 days later, the California Court of Appeal denied the petition. (Doc. No. 96-4.) Petitioner was entitled to statutory tolling for the 9 days his petition was pending with the California Court of Appeal.

Petitioner then waited until May 10, 2011, 75 days after the California Court of Appeal denied his petition to file a petition for writ of habeas corpus to the California Supreme Court. (Doc. No. 96-1.) Under the law at that time, unjustified filing delays longer than 30 to 60 days

were held to be unreasonable and not entitled to statutory tolling. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam). On January 25, 2012, 260 days later, the California Supreme Court denied the petition. (Doc. No. 96-2.) Petitioner was entitled to statutory tolling for the 260 days his petition was pending with the California Supreme Court. Approximately 99 days after the California Supreme Court denied his petition, Petitioner commenced this action on May 7, 2012, by filing a federal petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. No. 1.) Those 99 days were not subject to statutory tolling.

In total, Petitioner filed his federal petition 690 days after his conviction became final. Because Petitioner was entitled to statutory tolling for the 287 days his petitions were filed and pending with the state courts, in effect Petitioner waited 403 days to file his federal petition.

On November 5, 2012, Respondent filed a motion to dismiss Petitioner's petition on the ground that it was filed beyond the one-year statute of limitations contained in § 2244(d)(1). (Doc. No. 12.) Therein, Respondent conceded Petitioner was entitled to statutory tolling for the 287 days that his petitions were filed and pending with the state courts. (*Id*. at 3–5.) However, Respondent argued the statute of limitations expired on March 30, 2012, because Petitioner was not entitled to statutory tolling for the 75 days that elapsed between the denial of his petition by the California Court of Appeal and the filing of his petition to the California Supreme Court. (*Id*. at 4–5.) Absent tolling for that 75-day period, Petitioner's petition was untimely.

On July 10, 2013, the magistrate judge issued findings and recommendations recommending Respondent's motion to dismiss be granted and that the case be dismissed with prejudice. (Doc. No. 23.) Therein, the magistrate judge found Petitioner was not entitled to statutory tolling for the 75-day period between the California Court of Appeal's denial of his petition and Petitioner's filing of a petition to the California Supreme Court, which would have rendered his federal petition timely filed, because the 75-day delay was unreasonable. (*Id*. at 5, 7.) On August 6, 2013, the court issued an order adopting the findings and recommendations in full, dismissing the case with prejudice, and declining to issue a certificate of appealability. (Doc. No. 27.)

On August 19, 2013, Petitioner filed a motion titled "Special Relief for Special

Circumstance" asking the court to reconsider the dismissal of his petition and the court's denial of a certificate of appealability. (Doc. No. 29.) Nine days later, Petitioner filed an additional request for a certificate of appealability. (Doc. No. 31.) On October 18, 2013, the court denied Petitioner's August 19, 2023 motion for reconsideration and request for a certificate of appealability. (Doc. No. 36.)

Approximately two years later, in *Robinson v. Lewis*, the Ninth Circuit considered an appeal from a district court's dismissal of a state prisoner's federal habeas petition as barred by AEDPA's one-year limitations period. 795 F.3d 926, 934 (9th Cir. 2015). In *Robinson*, "[a] magistrate judge considered whether Robinson was entitled to tolling of the statute of limitations for the gaps between each lower court denial of Robinson's habeas petition and his subsequent filing of a new petition in the next-level state court." *Id*. Specifically, the magistrate judge considered whether the 66-day gap between the California trial court's denial of habeas relief and the filing date of a new petition in the California Court of Appeal should be tolled. *Id*. The magistrate judge found that the 66-day delay was unreasonable and that Robinson was not entitled to tolling for that period. *Id*. "Absent tolling for [that 66-day period,] Robinson's petition was untimely." *Id*. The district court adopted the magistrate judge's findings, and Robinson appealed to the Ninth Circuit.

On appeal, the Ninth Circuit was "presented with the question whether 'a habeas petition [is] untimely filed after an unexplained 66-day delay between the time a California trial court denies the petition and the time [a new] petition is filed in the California Court of Appeal.'" *Robinson v. Lewis*, 824 Fed. Appx. 494, 496 (9th Cir. 2020) (citing *Robinson*, 795 F.3d at 928). "Because of the difficulty in determining what constitutes a 'reasonable time' between a lower court's denial of a habeas petition and the filing of a new petition in a higher state court," the Ninth Circuit certified the question to the California Supreme Court. *Robinson*, 824 Fed. Appx. at 496.

On July 20, 2020, the California Supreme Court answered the Ninth Circuit's certified question and held that "a new petition filed in a higher court within 120 days of the lower court's denial will never be considered untimely." *Robinson v. Lewis*, 9 Cal. 5th 883, 901 (2020).

Following the California Supreme Court's answer, on August 24, 2020, the Ninth Circuit held that the 66-day gap between the time the trial court denied his petition and the time he filed a petition in the California Court of Appeal was subject to statutory tolling. *Robinson*, 824 Fed. Appx at 497. Because the limitations period was tolled for those 66 days, the Ninth Circuit ultimately concluded Robinson's federal habeas petition was not barred by the statute of limitations. *Id*.

Several months after the Ninth Circuit's decision, on December 28, 2020, Petitioner filed a motion in this case titled "Motion for Relief from Order pursuant to [Federal Rules of Civil Procedure] 60(b)(3), 60(b)(1), 60(b)(2), and 60(b)(6)." (Doc. No. 44.) Therein, Petitioner asked the court to reconsider its August 6, 2013 order dismissing his petition and the October 18, 2013 order denying his August 19, 2013 motion for reconsideration. (*Id*.) On January 6, 2021, the magistrate judge issued findings and recommendations recommending Petitioner's December 28, 2020 motion for reconsideration be denied because, among other reasons, it was not filed within a reasonable time. (Doc. No. 46.) On January 29, 2021, Petitioner filed objections to the findings and recommendations. (Doc. No. 49.) On March 18, 2021, the court issued an order adopting the findings and recommendations and denied Petitioner's December 28, 2020 motion for reconsideration. (Doc. No. 50.)

Approximately two months later, on May 21, 2021, Petitioner filed a motion for an extension of time to file a notice of appeal. (Doc. No. 51.) Five days later, the court denied Petitioner's motion because it was untimely, and he had failed to serve Respondents as required by the Local Rules. (Doc. No. 53.) On June 10, 2021, Petitioner filed a motion titled "Motion for Reconsideration of Judgment" requesting the court reconsider its order denying his motion for an extension of time to file a notice of appeal. (Doc. No. 53.) The court denied that motion on July 2, 2021. (Doc. No. 55.) Petitioner appealed that order by filing a notice of appeal on August 2, 2021. (Doc. No. 56.)

On October 13, 2021, Petitioner filed an informal opening brief to the Ninth Circuit in support of his appeal, *Bouie v. Board of Parole Hearings*, No. 21-16322, ECF No. 9, (9th Cir. Oct. 13, 2021). In that opening brief, Petitioner argued that the court abused its discretion in

denying his motion for an extension of time. (*Id*. at 2.) Petitioner also asked the Ninth Circuit to apply the California Supreme Court's decision in *Robinson* to his case. (*Id*. at 2, 12, 19.)

Specifically, Petitioner explained:

> Recently, an Appellant's 75-day delay in filing his third state petition (as is the case for herein Appellant Bouie) was reconsidered as being reasonable because it was within the Safe Harbor 120-day rule. Though I never made this claim to the district court in my Rule 60(b)(6) motion or my COA, in the interest of justice, I request that this court [exercise its] inherent power and consider this claim. *Robinson*, 9 Cal. 5th at 901.

(*Id*. at 19.) On November 24, 2021, Petitioner filed a request for a certificate of appealability to the Ninth Circuit. *Bouie*, No. 21-16322, ECF No. 13 (9th Cir. Nov. 24, 2021). Approximately a month later, on December 28, 2021, Petitioner filed an additional request for a certificate of appealability to the Ninth Circuit. *Bouie*, No. 21-16322, ECF No. 17 (9th Cir. Dec. 28, 2021). On August 25, 2022, the Ninth Circuit denied Petitioner's requests for a certificate of appealability and consequently denied Petitioner's appeal. *Bouie*, No. 21-16322, ECF No. 20 (9th Cir. Aug. 25, 2022).

Throughout and after Petitioner's appeal of the court's July 2, 2021 order, Petitioner filed several miscellaneous motions for relief and motions for reconsideration specifically requesting the district court overrule the Ninth Circuit's orders. (Doc. Nos. 59, 62, 63, 65, 68, 70, 72, 74, 77.) The court denied these motions for reconsideration (Doc. Nos. 62, 77), and in its January 27, 2022 order, advised Petitioner "[a]ny further motions seeking to have this court reconsider, amend, or otherwise disturb an order of the Ninth Circuit Court of Appeal will be disregarded." (Doc. No. 78 at 1.)

On March 23, 2023, Petitioner filed the pending motion. (Doc. No. 80.) Therein, Petitioner requests reconsideration of the court's August 6, 2013 order dismissing his habeas corpus petition as time barred on the ground that, according to subsequent court decisions, statutory tolling renders his petition timely. (*Id*.) Specifically, Petitioner relies on the California Supreme Court's and the Ninth Circuit's decisions in *Robinson*. (*Id*. at 2–4.) On March 26, 2024, the court issued an order summarily striking the pending motion for reconsideration pursuant to the January 27, 2022 order that warned Petitioner that further motions seeking reconsideration of

the Ninth Circuit's decision would be disregarded. (Doc. No. 81.)

On April 22, 2024, Petitioner filed a motion titled "opposition to order striking Rule 60(b)(6) motion," which the court construed as a motion for reconsideration pursuant to Rule 60(a). (Doc. No. 83.) On April 25, 2025, the court granted Petitioner's motion for reconsideration pursuant to Rule 60(a), directed the Clerk of the Court to reactivate the pending motion and directed Respondent to file an opposition or statement of non-opposition to the pending motion.[1] (Doc. No. 91.)

On July 16, 2025, Respondent filed an opposition to the pending motion. (Doc. No. 97.) That same day, Petitioner lodged with the court five documents in support of his opposition. (Doc. No. 96.) On September 8, 2025, Petitioner filed a reply in support of his pending motion for reconsideration. (Doc. No. 102.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(b)(6) is a "catch-all provision [that] permits relief from a final judgment where there is 'any other reason that justifies relief.'" *FTC v. Hewitt*, 68 F.4th 461, 468 (9th Cir. 2023) (quoting Fed. R. Civ. P. 60(b)(6)). A party seeking relief under Rule 60(b)(6) must satisfy the following requirements: (1) the motion cannot be premised on another ground delineated in Rule 60(b); (2) it must be filed within a reasonable time; and (3) it must demonstrate extraordinary circumstances justifying reopening the judgment. *Bynoe v. Baca*, 966 F.3d 972, 979 (9th Cir. 2020).

"Rule 60(b)(6) vests wide discretion in courts" but "relief under Rule 60(b)(6) is available

[1] On October 21, 2024, this case was reassigned to the undersigned district judge. (Doc. No. 89.)

only in 'extraordinary circumstances.'" *Buck v. Davis*, 580 U.S. 100, 123 (2017) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005)); *see Anderson v. Arnold, No.* 2:14-cv-2660-MCE-AC, 2017 WL 977590, at *2 (E.D. Cal. Mar. 14, 2017) ("The 'extraordinary circumstances' standard for assessing a Rule 60(b)(6) motion is intended to avoid a mere 'second bite at the apple.'") (quoting *In re Pacific Far E. Lines, Inc.*, 889 F.2d 242, 250 (9th Cir. 1989)). Such extraordinary circumstances "rarely occur in the habeas context." *Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (quoting *Gonzalez* 545 U.S. at 535).

## ANALYSIS

Here, Petitioner's motion is based on a change in the law announced by the California Supreme Court and thereafter applied by the Ninth Circuit and is therefore brought under Rule 60(b)(6). *See Phelps v. Alameida*, 569 F.3d 1120, 1132 (9th Cir. 2009) (recognizing a Rule 60(b)(6) motion may be based on a post-judgment change in the law). The court next considers whether the motion was filed within a reasonable time. Because, for the reasons explained below, the court finds that Petitioner's pending motion was not filed within a reasonable time, the court does not address whether there exists extraordinary circumstances that would justify reopening the judgment in this case.

"What qualifies as a 'reasonable time' is a fact-intensive inquiry." *Walker v. Burgum*, No. 80-cv-04595-WHO, 2025 WL 2084924, at *9 (N.D. Cal. Jul. 23, 2025) (citing *Hall v. Haws*, 861 F. 3d 977, 987–88 (9th Cir. 2017)). To evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, courts consider the party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties' interests in the finality of the judgment, and any prejudice caused to the parties by the delay. *Bynoe*, 966 F.3d at 980 (citing *Ashford v. Steuart*, 657 F.2d 1053, 1055 (9th Cir. 1981)); *see Yeshiwas v. U.S. Citizenship & Imm. Servs.*, No. 12-cv-01719-PJH, 2014 WL 31455, at *1 (N.D. Cal. Jan. 3, 2014) ("In determining whether the Rule 60(b)(6) motion was filed within a reasonable time, the court may consider whether the government was prejudiced by the delay and whether the movant had a good reason for failing to take action sooner."). "The moving party's diligence in bringing the motion may inform the court's consideration of these factors." *Grant v. Gastelo*, No. 18-cv-01925-JFW-PVC, 2024 WL

2880222, at *6 (C.D. Cal. Apr. 9, 2024), *findings and recommendations adopted*, 2024 WL 2093985, at *1 (C.D. Cal. May 7, 2024).

The Ninth Circuit has deemed a one-year delay in filing a Rule 60(b) motion presumptively reasonable. *See Bynoe*, 966 F.3d at 981 ("A seven-month delay is well within the timeframe considered by *Phelps* and the presumptive one-year timeframe suggested by [Rule 60(b)]."); *Love v. Lewis*, No. 12-cv-10596-DDP-E, 2021 WL 4456959, at *5 (C.D. Cal. Aug. 2, 2021) (finding petitioner's nine-month delay in filing a Rule 60(b) motion after the California Supreme Court issued a decision in *Robinson* was presumptively reasonable).

Several courts have also reasoned that a delay beyond one year is not reasonable. *See Hogan v. Robinson*, No. 03-cv-06408-LJO-GSA, 2009 WL 1085478, at *4 (E.D. Cal. Apr. 22, 2009) (finding a Rule 60(b)(6) motion to be untimely because it was "filed over 18 months after judgment was entered, and over two years after plaintiffs were put on notice of the facts and circumstances upon which they rely"); *Yaag v. Baker*, No. 14-cv-002950-MMD-WGC, 2023 WL 6554321, at *2 (D. Nev. Sep. 5, 2023) (finding petitioner's Rule 60(b)(6) motion could be denied for untimeliness because he filed the motion two years after the court entered judgment against him); *Scott v. Roe*, No. 98-cv-01903-R-SH, 2010 WL 4916602, at *2 (C.D. Cal. Nov. 8, 2010), *findings and recommendations adopted*, 2010 WL 4916601 (C.D. Cal. Nov. 29, 2010) (finding petitioner's Rule 60(b)(6) motion was not filed within a reasonable time because it was filed more than twelve months after *Phelps v. Alameida* was decided); *Ridley v. Bank of Am. Corp.*, No. 21-56007, 2023 WL 387045, at *1 (9th Cir. Jan. 25, 2023) (affirming the district court's denial of plaintiff's motion as untimely because it was filed more than fourteen months after the order dismissing the action).

Here, the California Supreme Court issued a decision on *Robinson* on July 20, 2020, and the Ninth Circuit issued a decision on *Robinson* on August 24, 2020. Approximately two-and-a-half years later, Petitioner filed the pending motion for reconsideration that seeks relief based on those decisions. Thus, Petitioner had the ability to learn of the grounds he relies upon in his motion since late summer 2020. Even providing Petitioner with the benefit of the doubt that he was unaware of the *Robinson* decisions for some time, the record demonstrates that Petitioner

knew of *Robinson* by at least October 2021, when he cited the California Supreme Court's decision in his opening briefing to the Ninth Circuit. *Bouie*, No. 21-16322, ECF No. 9 at 2, 12, 19 (9th Cir. Oct. 13, 2021). Thus, Petitioner was aware of *Robinson* by that time but waited approximately seventeen additional months before he filed the pending motion. (Doc. No. 80.)

In his reply, Petitioner argues he only delayed in filing the pending motion by seven months after "learning that the Ninth Circuit declined to consider *Robinson*." (Doc. No. 102 at 2.) But Petitioner's argument is unavailing because the record demonstrates Petitioner was not hesitant in seeking relief from this court while a decision from the Ninth Circuit was pending. (*See* Doc. Nos. 62, 65, 68, 72, 74, 77); *see also Bauer v. Att'y Gen. of Ariz.*, No. 19-cv-01155-JAT, 2022 WL 1016564, at *2 (D. Ariz. Apr. 5, 2022) (finding the motion untimely because "[n]otably, Petitioner could have filed his Rule 60(b)(6) motion while he was pursuing the appeals process"). Moreover, Petitioner's decision to wait an additional seven months to file the pending motion, when he was well aware of *Robinson*, was unreasonable.

Next, Petitioner contends that he moved for reconsideration within a reasonable time "in light of the fact that he is *pro se*, incarcerated, and that during the period of July 2020, to [March 23, 2023], the [COVID]-19 pandemic has made legal research and document preparation within prison difficult and slow." (Doc. No. 80 at 4.) The court acknowledges *pro se* prisoners faced difficulties litigating their cases during a global pandemic. However, Petitioner's contention that his litigation efforts were affected in that time is belied by the Eastern District of California and the Ninth Circuit's dockets, which reflect sixty-one filings by Petitioner from July 2020 through March 2023.[2] A number of these filings were merits-based filings, containing substantial legal research and attached exhibits. Thus, the court is not persuaded that Petitioner's status as a *pro se* prisoner or the COVID-19 pandemic prevented him from filing the pending motion in a reasonable amount of time, especially when those conditions had not prevented him from filing

[2] (*See* Doc. Nos. 44, 47, 49, 51, 53, 54, 56, 59, 62, 63, 65, 68, 70, 72, 74, 77); *Bouie v. Willox*, No. 16-cv-00624-JAM-AC, ECF Nos. 61, 63, 67, 69, 71, 72, 73, 74 (E.D. Cal.); *Bouie v. Fox*, No. 17-cv-02044-TLN-AC, ECF Nos. 50, 52, 54, 56, 58, 60, 62, 64, 65 (E.D. Cal.); *Bouie v. Smith*, No. 18-cv-02040-DC-AC, ECF Nos. 9, 10, 14, 15, 23, 30, 32, 33, 37, 38, 45, 47, 49, 51, 53, 60, 62, 64 (E.D. Cal.); *Bouie*, No. 21-16322, ECF Nos. 4, 8, 9, 10, 13, 14, 17, 19, 21, 22 (9th Cir.).

numerous documents in this case and his other cases.

In sum, the court concludes Petitioner has not demonstrated that his Rule 60(b)(6) motion was filed within a reasonable time. Thus, the court will deny the motion as untimely filed.

**CONCLUSION**

Accordingly, for the reasons explained above:

1. Petitioner's motion for reconsideration (Doc. No. 80) is DENIED; and
2. This case shall remain closed.

IT IS SO ORDERED.

Dated: **August 14, 2026**

Dena Coggins
United States District Judge